For the defendant it is contended that if this bridge was a convenient one, that, although an individual might have created the necessity for its erection and in fact erected the present one to obviate the inconvenience created by his act, that the county was bound to keep it in repair and the individual exempt from liability for private injuries sustained thereby, and, I presume, also from public prosecution. By the law of England the county is bound of common right to build bridges where necessary and to repair such as have been built, unless they throw the burden on another by law, as by tenure or prescription, or by act of Parliament, as in cases of some of the turnpike roads. Allowing that the English authorities establish these positions completely, I do not think that it would (358) follow even in England that the individual would not be liable for a private injury such as this; but if he were not, and if all the consequences of the original wrong were taken from him and thrown upon the county because the bridge had been used by the public, I think the case is far different in this country, and that from the different policy as established by the legislative authorities of the different countries. By the law of England, if a bridge is necessary it must be built and kept in repair by some one — by the county, if they cannot show that some one else is bound, and that by law, as by tenure or prescription or an act of Parliament; and therefore it is no defense for the county to show that an individual, a mere wrongdoer, is bound, for, peradventure, he may not be able; for when by tenure the lands are bound, and prescription is a long acquiescence presupposing an agreement, and the act of Parliament is the law of the land. In these three cases the county is excused, for they have substituted a responsible person in their stead, and this is the reason that they have failed in all those cases where they attempted to excuse themselves by showing that some other person at first erected the bridge; for the bridge must be kept in repair, and should an individual, even for his own convenience, erect *Page 202 
one and the public use it, this usage is an evidence of its convenience, and therefore the county court should repair; for the law imposes on the county the erection and repair of bridges in all cases where necessary, and will allow of no excuse but those before mentioned. This suits the policy of a thickly settled and rich country. Want of ability, as it is false in fact, will not be attended to. But our situation is far different; and wretched would be the situation of some countries, particularly new and poor ones, if such was the case; and the Legislature here has therefore vested in the county court power of laying off (359) roads, settling ferries, building and repairing bridges; and if the law stopped here, perhaps it might be said that the parties were liable to an indictment if they permitted bridges to be out of repair, or refused to order them to be built where necessary. But the Legislature did not stop here; they placed at their disposal for these purposes only limited funds, and if they go to the extent of the funds, they certainly are not liable. This is by no means giving up their interest or, if you will, discretionary powers, which, if they do not intentionally abuse, I think they are not liable. I therefore think that the whole of the argument falls to the ground, and that the jury were properly instructed in the court below, and that the judge below committed no error in not informing the jury that if the bridge was used by the public the defendant was thereby exonerated.
TAYLOR, C. J., concurred.
PER CURIAM. No error.
Cited: Campbell v. Boyd, 88 N.C. 130; Wardsworth v. Stewart, 97 N.C. 121.